**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

PEDRO GARCIA PENA,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

21 Civ. 7882 (GBD)
17 Crim. 363-1 (GBD)

GEORGE B. DANIELS, United States District Judge:

      On September 23, 2020, Petitioner Pedro Garcia Pena ("Petitioner") was sentenced by this Court to 5 years' imprisonment for possessing a firearm in connection with an attempted Hobbs Act robbery, in violation of 18 U.S.C. 924(c)(1)(A)(i). (ECF No. 82, at 1–2.) Pursuant to 28 U.S.C. § 2255, Petitioner now seeks a vacatur of his conviction and its corresponding five-year sentence. (Mot. to Vacate ("Pet'r. Mot."), ECF No. 84.) The Government opposes Petitioner's motion, arguing that the motion should be dismissed for lack of jurisdiction because Petitioner was no longer "in custody" when he filed his petition, as required by § 2255. (Mem. of Law of USA in Opp. to Pet'r. Mot., dated December 2, 2021 ("Gov. Opp'n."), ECF No. 86.) Petitioner's § 2255 motion is DENIED for lack of jurisdiction.

      A petitioner "must satisfy the jurisdictional 'in custody' requirement" at the time of filing a § 2255 petition. *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018) (internal quotation marks omitted). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Ogunwomoju v. United States*, 512 F.3d 69, 74 (2d Cir. 2008) (internal quotation marks omitted); *accord United States v. Brito*, No. 20 Crim.

1

63, 2022 WL 3025833, at *2 (S.D.N.Y. Aug. 1, 2022); *Behiry v. United States*, No. 16 Crim. 763 (LGS), 2023 WL 1767265, at *1 (S.D.N.Y. Feb. 3, 2023).

Petitioner, at the time he filed his petition, had completed his sentence imposed by this Court and was being held in immigration detention at the Clinton County Correctional Facility in McElhatten, Pennsylvania. (Pet'r. Mot. at 1; Gov. Opp'n. at 2.) "[A] petitioner in immigration detention or under a final order of removal as a result of a criminal conviction is not considered 'in custody' for the purposes of Section 2255." *Brito*, 2022 WL 3025833, at *2. Petitioner was transferred to ICE custody on or about July 30, 2021 and executed his § 2255 motion on September 15, 2021. (Gov. Opp'n. at 2; Pet'r. Mot. at 13.)

This court lacks jurisdiction to entertain Petitioner's motion because Petitioner was not "in custody" for purposes of § 2255 when he filed his motion. Petitioner's § 2255 motion is therefore DENIED for lack of jurisdiction. The Clerk of Court is directed to close the open motion at ECF No. 84, to close Case No. 21 Civ. 7882 and the corresponding motion at ECF No. 5.

Dated: May 11, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2